# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**  **CIVIL ACTION**

**VERSUS**

**CARL SMITH, ET AL.**  **21-20-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                                    **CIVIL ACTION**

**VERSUS**

                                                                                      **21-20-SDD-RLB**

**CARL SMITH, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendants Carl Smith and Melissa Butler (R. Doc. 11). The Motion is opposed (R. Doc. 12). Also before the Court is a Motion to Amend Complaint (R. Doc. 8) filed by plaintiff.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding complaining that his constitutional rights were violated due the denial of out of cell exercise for a period of five months. He seeks monetary, declaratory, and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's §

1983 claims asserted against the defendants in their official capacities for monetary damages are subject to dismissal.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint the plaintiff alleges the following: On May 10, 2019 the plaintiff was placed in administrative segregation. From May 10, 2019 through October 9, 2019 the plaintiff made frequent requests to defendant Smith and others to allow him the opportunity to exercise out of his cell in accordance with prison policy. The plaintiff's requests were denied. When the plaintiff inquired as to why it was taking so long for him to be transferred to a single-man lockdown cell (where out of cell exercise is more commonly provided), defendant Smith informed the plaintiff that defendant Butler knew how to make inmates like the plaintiff wait in order to achieve extra disciplinary punishment. Defendant Butler stated that there was no time limit for housing an inmate in administrative segregation.

Since 2018 the plaintiff has deprived of out of cell exercise, periodically, for extremely lengthy periods which has possibly resulted in painful ingrown toenails and other physical ailments. The plaintiff informed both defendants that he was chronically ill due to hypertension.

The moving defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were

clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. The plaintiff's allegations, accepted as true, fail to state a claim upon which relief may be granted.

Turning to the plaintiff's claim regarding the conditions to which he was subjected while confined in an administrative segregation, this claim may be seen to arise under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, which provision prohibits the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment, however, mandates only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").

A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter, supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must determine

that the prison official responsible for the deprivation has been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate claimant faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Id.* Specifically, the prison official must be found to have personally been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id.* at 837. While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305.

The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995); *Wilson v. Seiter, supra*, 501 U.S. at 303. Conclusory allegations, however, are not sufficient, and a plaintiff must allege facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Applying the foregoing standard, the Court finds that the plaintiff has failed to allege facts sufficient to support a finding of liability relative to alleged conditions to which he was subjected within the administrative segregation housing unit at LSP. In the first place, the plaintiff has failed to sufficiently allege that either defendant was personally deliberately

indifferent to a perceived substantial risk of serious harm to the plaintiff. The plaintiff has alleged only that he made frequent requests for out of cell exercise to defendant Smith during a five-month period. The plaintiff does not allege that he complained to either defendant regarding any actual or potential danger or risk of harm that the plaintiff was facing. To the contrary, the plaintiff alleges only that he informed the defendants that he suffers from hypertension. The plaintiff further alleges that he has suffered from in grown toenails for which he has received treatment and "other physical ailments <u>possibly</u> due to…lengthy periods of…lack of exercise outside of a cell."

As such, the plaintiff has failed to alleged that either defendant was personally placed on notice, or should have been placed on notice, that the plaintiff faced a substantial risk of serious harm or that the plaintiff was otherwise subjected to conditions "so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities.' " *Harris v. Angelina County, Texas, supra*, 31 F.3d at 334. Specifically, considering the relatively brief period of time that the plaintiff was confined at that location, and considering that the plaintiff does not allege that he informed either defendant of any specific serious harm that he was suffering because of the conditions to which he was subjected, neither defendant was sufficiently made aware of a serious risk of danger that required attention. As such, there is no factual basis for finding that either defendant acted with deliberate indifference. Had the plaintiff been confined under such conditions for a much longer or indeterminate period of time or had he complained to either defendant of a specific serious harm that he was facing because of the conditions to which he was subjected, the Court may analyze this issue differently. *See Wilkerson v. Goodwin*, 774 F.3d 845, 854-55 (5th Cir. 2014), and cases cited therein (recognizing that the duration of a period of segregated confinement is an important factor in determining whether such confinement amounts

to cruel and unusual punishment). Based upon the plaintiff's allegations before the Court, however, the Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " relative to any deliberate indifference on the part of the defendants. *Ashcroft v. Iqbal, supra*, 556 U.S. at 678.

In the alternative, upon a substantive review of the plaintiff's claims, it appears that these claims would fare no better. Specifically, the plaintiff complains regarding his inability to exercise out of his cell while confined in administrative segregation for a period of five months. In this context, the courts of this and other Circuits have long held that a reasonable opportunity for exercise is a basic human need that may not arbitrarily be revoked, *see, e.g., Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *modified*, 688 F.2d 266 (5th Cir. 1982), and the Fifth Circuit has concluded that an extended deprivation of exercise opportunities may result in an impairment-of-health claim that is actionable under the Eighth Amendment, depending upon the particular facts of a given case. *See, e.g., Hewitt v. Henderson*, 271 F. App'x. 426, 428 (5th Cir. 2008). Neither the Fifth Circuit nor the United States Supreme Court, however, has held that prisoners enjoy an absolute right to out-of-cell exercise. Further, it is clear that prisoners have no protected liberty interest in any specific recreational opportunities, and a "[d]eprivation of exercise is not a *per se* constitutional violation." *Kron v. LeBlanc*, 2012 WL 4563957, *21 (E.D. La. Oct. 1, 2012), *Magistrate Judge's Recommendation approved*, 2013 WL 823550, *6-7 (E.D. La. March 6, 2013). Finally, the plaintiff is required to allege an actual injury caused by the actions of prison officials. *See Kron v. LeBlanc, supra*, at

Applying the foregoing standard, the Court concludes that the plaintiff is unable to make a showing of deliberate indifference in this context. In *Hernandez v. Velasquez*, 522 F.3d 556, 560-61 (5th Cir. 2008), the Fifth Circuit upheld the dismissal of an inmate's claim that he had

been maintained in segregated confinement for thirteen months without any opportunity for exercise outside of his cell. The Court further concluded in that case that even had Hernandez in fact suffered alleged "muscle atrophy, stiffness, loss of range of motion, and depression" as a result of such confinement, there was "no indication that these conditions posed a substantial risk of serious harm" sufficient to support a claim of deliberate indifference. Similarly, the Fifth Circuit in *Haralson v. Campuzano*, 356 Fed. Appx. 692, 697 (5th Cir. 2009), upheld the dismissal of an inmate's claim that he had been confined in a cell in the prison infirmary for seven months without any opportunity for out-of-cell exercise. *See also McCoy v. Newton County, Miss.*, 2015 WL 4726977 (S.D. Miss. Aug. 10, 2015) (dismissal of claim regarding 6-month confinement in administrative segregation without an opportunity for exercise). In the instant case, the plaintiff was apparently held in an administrative segregation cellblock for no longer than five months, after which time he was apparently transferred to a different housing location where he presumably was no longer subjected to the deprivations of which he complains. Furthermore, requests for medical attention for generalized complaints have not been found to be serious enough to support a claim of deliberate indifference. *See Hernandez v. Velasquez, supra*; *Haralson v. Campuzano*, *supra.*

Finally, in the absence of a showing of actual impairment to health, the Fifth Circuit has suggested "that two and a half years of segregation is a threshold of sorts for atypicality, ... such that 18-19 months of segregation under even the most isolated of conditions may not implicate a liberty interest." *See Bailey v. Fisher*, 647 F. App'x. 472, 476 (5th Cir. 2016), *citing Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) and *Hernandez v. Velasquez, supra.* Accordingly, in light of the limited duration of the plaintiff's segregated confinement in this case and in light of the absence of any viable assertion of impairment of health, the Court finds that the plaintiff has

failed to state a claim for relief relative to this issue. To the extent the plaintiff makes reference to a violation of prison rules, the law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989).

The one non-moving defendant, Unknown Head Warden, has not been served. *See* R. Doc. 7. The plaintiff has filed a Motion to Amend to substitute Darrel Vannoy in place of this defendant and requesting that defendant Vannoy be served. *See* R. Doc. 8. However, for the reasons stated above, amendment would be futile. As such, the Court may grant the Motion to Dismiss with respect to the non-moving defendant *sua sponte* after giving the plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Amend Complaint (R Doc. 8) be denied as futile. It is also the recommendation of the Magistrate Judge that the exercise of supplemental jurisdiction be declined, and that the defendants' Motion to Dismiss (R. Doc. 11) be granted, dismissing the plaintiff's claims with prejudice, and that this action be dismissed in its entirety.

Signed in Baton Rouge, Louisiana, on June 30, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE